AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

## OFFENSE CHARGED

18 U.S.C. § 371 - Conspiracy to Commit Structuring;
31 U.S.C. §§ 5324(a)(3) & 5324(d)(2) - Structuring Transactions to Evade Reporting Requirements;
31 U.S.C. § 5317(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: PLEASE SEE SEPARATE ATTACHMENT

## DEFENDANT - U.S

CHARLES WANG

DISTRICT COURT NUMBER
CR 14-00488 YGR

FILED
MAY 26 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Robert S. Leach

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: Before Judge:

Comments:

**ATTACHMENT TO PENALTY SHEET FOR CHARLES WANG**

The maximum penalties for Conspiracy to Commit Structuring, in violation of 18 U.S.C. § 371, are as follows:

a. Maximum prison term: 5 years
b. Maximum fine: $250,000 or twice the gross gain or loss, whichever is greater
c. Maximum supervised release term: 3 years
d. Mandatory special assessment: $100
e. Potential Deportation
f. Forfeiture

The maximum penalties for Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. §§ 5324(a)(3) & 5324(d)(2), are as follows:

a. Maximum prison term: 10 years
b. Maximum fine: $500,000 or twice the gross gain or loss, whichever is greater
c. Maximum supervised release term: 3 years
d. Mandatory special assessment: $100
e. Potential Deportation
f. Forfeiture

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

## OFFENSE CHARGED

18 U.S.C. § 371 - Conspiracy to Commit Structuring;
31 U.S.C. §§ 5324(a)(3) & 5324(d)(2) - Structuring Transactions to Evade Reporting Requirements;
31 U.S.C. § 5317(c) - Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: PLEASE SEE SEPARATE ATTACHMENT

## DEFENDANT - U.S

FILED
MAY 26 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

▶ FRANCIS YUEN

DISTRICT COURT NUMBER
CR 14-00488 YGR

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Robert S. Leach

## DEFENDANT

### IS NOT IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

**ATTACHMENT TO PENALTY SHEET FOR FRANCIS YUEN**

The maximum penalties for Conspiracy to Commit Structuring, in violation of 18 U.S.C. § 371, are as follows:

a. Maximum prison term: 5 years
b. Maximum fine: $250,000 or twice the gross gain or loss, whichever is greater
c. Maximum supervised release term: 3 years
d. Mandatory special assessment: $100
e. Potential Deportation
f. Forfeiture

The maximum penalties for Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. §§ 5324(a)(3) & 5324(d)(2), are as follows:

a. Maximum prison term: 10 years
b. Maximum fine: $500,000 or twice the gross gain or loss, whichever is greater
c. Maximum supervised release term: 3 years
d. Mandatory special assessment: $100
e. Potential Deportation
f. Forfeiture

MELINDA HAAG (CABN 132612)
United States Attorney

FILED
MAY 26 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHARLES WANG and FRANCIS YUEN,

Defendants.

Case No. CR 14-00488 YGR

VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Commit Structuring; 31 U.S.C. §§ 5324(a)(3) & 5324(d)(2) – Structuring Transactions to Evade Reporting Requirements; 31 U.S.C. § 5317(c) – Criminal Forfeiture

OAKLAND VENUE

# SUPERSEDING INFORMATION

The United States Attorney charges:

## Introductory Allegations

At times material to the Superseding Information:

1. CHARLES WANG was a resident of New Jersey, and was the Chief Executive Officer of a Pleasanton, California-based, on-line multi-level marketing company known as eAdGear.

2. FRANCIS YUEN was a resident of Castro Valley, California, and was the Chief Operating Officer of eAdGear.

3. Depending upon the amount of money they paid to the company, eAdGear investors obtained from the company a membership "package" that entitled them to certain purported eAdGear products and money-making opportunities, including bonuses and commissions.

4. eAdGear investors often paid these membership fees in cash to eAdGear representatives. During the period from approximately December 2010 to approximately August 2013, WANG and YUEN possessed at least $731,405.33 in cash from eAdGear members.

5. JP Morgan Chase ("JPMC"), Bank of America ("BoA"), and Bank of the West ("BoW") were "domestic financial institutions," as defined in Title 31, United States Code, Section 5312(a)(2) and 5312(b)(1).

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Commit Structuring)

6. The allegations in Paragraphs 1 through 5 above are re-alleged and incorporated by reference.

7. Beginning in or about December 2010, and continuing to on or about at least August 2013, in the Northern District of California and elsewhere, the defendants,

CHARLES WANG and FRANCIS YUEN,

and others known and unknown to the Grand Jury, knowingly and unlawfully combined, conspired, and agreed to commit the following offense against the United States: structuring transactions to evade reporting requirements, in violation of Title 31, United States Code, Section 5324(a)(3) and 5324(d)(2), and the regulations promulgated thereunder.

The Object, Manner, and Means of the Conspiracy

8. The object of the conspiracy was to conduct, with cash invested by eAdGear members, banking transactions in a manner that evaded the currency transaction reporting requirements, by structuring the transactions in amounts under $10,000, such that they would not cause the relevant financial institutions to generate a currency transaction report.

9. It was a part of the conspiracy that, in approximately May 2011, WANG and YUEN directed two eAdGear employees, Person A and Person B, to open bank accounts in the employees' names, for the purpose of using those accounts as nominee accounts in which to conduct structured cash transactions.

10. It was also a part of the conspiracy that, after those accounts were opened, WANG, using funds paid for eAdGear memberships, made numerous structured cash deposits into those accounts and other accounts.

11. It was also a part of the conspiracy that YUEN used accounts opened in his own name, and in the name of Person C, who was related to YUEN and was also an eAdGear employee, in which to conduct structured cash transactions.

12. It was also a part of the conspiracy that YUEN caused to be transferred tens of thousands of dollars of the structured cash deposits into a separate consumer loan account held at BoW.

Overt Acts

13. In furtherance of the conspiracy and to carry out its objects, the defendants committed or caused to be committed the following overt acts, among others, in the Northern District of California, and elsewhere:

a. On or about May 23, 2011, the following accounts were opened:

1. Person A opened JPMC account xx0959 in Dublin, California;

2. Person B opened JPMC account xx0942 in Dublin, California;

3. Person C opened JPMC accounts xx7437 and xx8707 in Castro Valley, California;

4. YUEN opened JPMC account xx7668 in Castro Valley, California.

b. On or about May 24, 2011, the following accounts were opened:

1. Person A opened BoA account xx5406 in Dublin, California;

2. Person B opened BoA account xx5752 in Dublin, California.

c. On or about May 24, 2011, YUEN sent an e-mail to WANG providing information about the bank accounts opened by Person A and Person B, as set forth in Paragraph 13(a) and (b) above.

d. On or about May 24, 2011, from a JPMC branch in Emerson, New Jersey, the following cash deposits were made into four of the JPMC accounts opened the day before, and described

in Paragraph 13(a) above: account xx7668 ($9,000); account xx7437 ($9,000); account xx0959 ($9,000); and account xx0942 ($9,000). Each deposit was under the $10,000 currency transaction reporting limit.

e. On or about May 25, 2011, from various branches in New Jersey, the following cash deposits, each under the $10,000 currency transaction reporting limit, were made into three of the JPMC accounts, and into one of the BoA accounts opened the day before:

1. JPMC xx7668 ($9,000; River Edge, NJ branch);
2. JPMC xx7437 ($9,000; Oradell, NJ branch);
3. JPMC xx0942 ($9,000; Paramus, NJ branch);
4. BoA xx5406 ($9,000; Paramus, NJ branch);
5. BoA xx5406 ($9,000; Oradell, NJ branch).

f. On or about May 31, 2011, from various branches in New Jersey, the following cash deposits, each under the $10,000 currency transaction reporting limit, were made into two of the JPMC accounts, and into the two BoA accounts:

1. JPMC xx7668 ($9,000; River Edge, NJ branch);
2. JPMC xx7437 ($6,000; Emerson, NJ branch);
3. BoA xx5406 ($9,000; Paramus, NJ branch);
4. BoA xx5752 ($9,000; Oradell, NJ branch).

g. On or about June 8, 2011, from various branches in New Jersey, the following cash deposits, each under the $10,000 currency transaction reporting limit, were made into two of the JPMC accounts, and into the two BoA accounts:

1. JPMC xx7668 ($9,000; Oradell, NJ branch);
2. JPMC xx7437 ($9,000; River Edge, NJ branch);
3. BoA xx5406 ($9,500; Paramus, NJ branch);
4. BoA xx5752 ($9,500; Oradell, NJ branch).

h. On or about June 20, 2011, from various branches in New Jersey, the following cash deposits, each under the $10,000 currency transaction reporting limit, were made into two of the JPMC accounts, and into the two BoA accounts:

1. JPMC xx7668 ($9,000; Paramus, NJ branch);

2. JPMC xx7437 ($9,000; River Edge, NJ branch);

3. BoA xx5406 ($9,000; Oradell, NJ branch);

4. BoA xx5752 ($9,000; Paramus, NJ branch).

i. On or about June 29, 2011, $45,000 was paid from YUEN's JPMC xx7668 account to YUEN's consumer loan account at BoW (account number ending xx6749).

j. On or about June 29, 2011, $55,000 was paid from Person C's JPMC xx7437 account to YUEN's consumer loan account at BoW (account number ending xx6749).

k. On or about August 15, 2011, from various branches in New Jersey, the following cash deposits, each under the $10,000 currency transaction reporting limit, were made into three of the JPMC accounts, and into one of the BoA accounts:

1. JPMC xx7668 ($9,000; River Edge, NJ branch);

2. JPMC xx7437 ($9,000; Oradell, NJ branch);

3. JPMC xx0959 ($9,000; Paramus, NJ branch);

4. BoA xx5406 ($9,000; Paramus, NJ branch).

l. On or about August 15, 2011, WANG sent an e-mail to YUEN attaching a record of cash deposits in amounts under the $10,000 currency transaction reporting limit, made at JPMC and BoA in May and June 2011.

m. On or about August 22, 2011, $45,000 was paid into YUEN's JPMC xx7668 account.

n. On or about August 23, 2011, $54,000 was paid from YUEN's xx7668 account to YUEN's consumer loan account at BoW (account number ending xx6749).

o. On or about August 24, 2011, WANG sent an e-mail to YUEN attaching a record of cash deposits in amounts under the $10,000 currency transaction reporting limit, made at JPMC and BoA in May, June, and August 2011.

p. On or about August 30, 2011, a cash deposit of $6,000 was made into a JPMC account, xx7816, held in the name of WANG and a relative.

q. On or about August 31, 2011, a cash deposit of $4,000 was made into a JPMC account, xx5797, held in the name of WANG and a relative.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO: (31 U.S.C. §§ 5324(a)(3) & 5324(d)(2) – Structuring Transactions to Evade Reporting Requirements)

14. On or about August 15, 2011, in the Northern District of California and elsewhere, the defendants,

CHARLES WANG and FRANCIS YUEN,

did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, structure and assist in structuring, and attempted to structure and assist in structuring, transactions with domestic financial institutions, namely, a $9,000 cash deposit to JPMC xx7668, a $9,000 cash deposit to JPMC xx7437, a $9,000 cash deposit to JPMC xx0959, and a $9,000 cash deposit to BoA xx5406.

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2).

FORFEITURE ALLEGATION: (31 U.S.C. § 5317(c) – Criminal Forfeiture)

15. The factual allegations in Paragraphs 1 through 14 above are re-alleged and incorporated by reference.

16. Upon conviction of the offenses alleged in Counts One and Two of this Superseding Information, the defendants,

CHARLES WANG and FRANCIS YUEN,

shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c), all property, real or personal, involved in the offense, and any property traceable thereto, including, but not limited to, the $731,405.33 in United States currency the defendants structured and attempted to structure.

All in violation of Title 18, United States Code, Section 5317(c).

Dated:

MELINDA HAAG
United States Attorney

[signature] for
DAVID R. CALLAWAY
Chief, Criminal Division

(Approved as to form: [signature])
ROBERT S. LEACH
Assistant United States Attorney