MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CABN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7303
    FAX: (415) 436-7234
    Email:  david.countryman@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANCIS YUEN,<br><br>    Defendant. | CASE NO. CR 14-0488 YGR<br><br>APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE |

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this Application of the United States for Issuance of a Preliminary Order of Forfeiture in the above-captioned case.  In support thereof, the United States sets forth the following:

On May 26, 2015, defendant Francis Yuen was charged with a Superseding Information with violation of 18 U.S.C. § 371 – Conspiracy to Commit Structuring and 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2) – Structuring Transactions to Evade Reporting Requirements.  The Superseding Information also sought criminal forfeiture pursuant to 31 U.S.C. § 5317(c) of the following property including but not limited to:

- All property, real or personal, involved in the offense, and any property traceable thereto, including, but not limited to $731,405.33 in US Currency the defendants structured and attempted to structure

Application for an Preliminary Order of Forfeiture
CR 14-0488 YGR                                                    1

On May 27, 2015, defendant Francis Yuen, pled guilty to Counts One and Two of the captioned Superseding Information, and agreed to pay a forfeiture money judgment in the amount of $731,405.33 ("Forfeiture Money Judgment").  The defendant admitted that the Forfeiture Money Judgment represents the funds that were involved in the structuring violations and, thus,  is forfeitable to the United States pursuant to  31 U.S.C. § 5317(c) and the procedures outlined in Rule 32.2 of the Federal Rules and Criminal Procedures.

The defendant further agreed that the court enter a personal money judgment in the amount of $731,405.33.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute.  If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay.  The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) further provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.  At sentencing - or at

Application for an Preliminary Order of Forfeiture
CR 14-0488 YGR                                           2

any time before sentencing if the defendant consents - the preliminary order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Based on defendant Francis Yuen's admissions in the plea agreement, the United States established the requisite nexus between the Forfeiture Money Judgment and the offense to which the defendant pled guilty. Specifically, the United States established that the Forfeiture Money Judgment represents the funds that were involved in the structuring violations charged in Counts One and Two of the Superseding Information. Accordingly, the Forfeiture Money Judgment is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c) and the procedures outlined in Rule 32.2 of the Federal Rules and Criminal Procedures .

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture which provides for the following:

a. entry of a personal money judgment in the amount of $731,405.33;

b. directs the United States, through its appropriate agency, to seize the forfeited property forthwith;

c. authorizes the government to conduct discovery in order to identify, locate or dispose of property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

d. the Court to retain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

DATED: 07/17/15                                     Respectfully submitted,

                                                    MELINDA HAAG
                                                    United States Attorney

                                                         /S/
                                                    DAVID B. COUNTRYMAN
                                                    Assistant United States Attorney

Application for an Preliminary Order of Forfeiture
CR 14-0488 YGR                                      3